## Owen Monahan, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 18,823.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 17, 1914.

### Statement of the Case.

Action by Owen Monahan against Chicago City Railway Company to recover for personal injuries alleged to have been sustained by plaintiff on being thrown from defendant's car by a sudden jerk as he was preparing to alight. From a verdict and judgment for plaintiff for six thousand dollars, defendant appeals.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*jerks on alighting sufficiency of evidence.* Testimony of plaintiff that as he was preparing to alight from

defendant's car it stopped suddenly throwing him against the end of the car, and as he raised his foot to get on the step "it shot right ahead again" and he was thrown to the ground, supported by the testimony of another witness, *held* sufficient to sustain a verdict in his favor, though disputed by testimony of the conductor and motorman of the car and another passenger.

2. INSTRUCTIONS, § 88*—*preponderance of evidence.* An instruction that: "The preponderance of evidence in a case is not necessarily alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of evidence is, the jury should also take into consideration, so far as shown by the evidence, the opportunities of the several witnesses for seeing or knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the evidence, facts and circumstances proved on the trial; and from all these circumstances, and a full consideration of all the evidence, determine upon which side is the greater weight or preponderance of the evidence," if erroneous is not prejudicial.

3. APPEAL AND ERROR, § 1563*—*when refusal of instruction to disregard declaration harmless.* Refusal of an instruction that plaintiff could not recover under the original declaration is not prejudicial, where there was evidence to support an additional count of the declaration.

4. DAMAGES, § 124*—*when verdict not excessive.* A verdict for six thousand dollars in favor of a man seventy years of age, whose earnings prior to the accident were about one hundred dollars per month, is not excessive for injuries consisting of a fracture of the neck of the left femur, making the shaft of that leg about three-quarters of an inch higher than it should be and incapacitating him from work for a period of nearly three years.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.